**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Maria D Isaacs,**<br><br>**Debtor .**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST,**<br>**Movant,**<br><br>**v.**<br><br>**Maria D Isaacs,**<br><br>**Debtor/Respondent,**<br><br>**KENNETH E. WEST, Trustee/Additional Respondent.** | **Bankruptcy No. 26-11362-djb**<br><br>**Chapter 13**<br><br>**Hearing Date: October 22, 2026**<br>**Hearing Time: 11:00 A.M.**<br>**Hearing Location: 900 Market Street, Suite 201 Philadelphia, PA 19107**<br>**Courtroom Number #2** |

**MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST TO PERMIT FORECLOSURE OF 2437 S BANCROFT STREET, PHILADELPHIA, PENNSYLVANIA 19145**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST ("Movant" or "Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Maria D Isaacs ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on April 1, 2026.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.
3. On June 15, 2005, Maria D Isaacs executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $94,000.00 in favor of NORTHEAST FINANCIAL CORP, A CORPORATION. A true and correct copy of the Note is attached hereto as Exhibit "A".
4. The Mortgage was recorded June 27, 2005 in Document No. 51208718 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".
5. The Mortgage was secured as a lien against the real property located at 2437 S Bancroft Street, Philadelphia, Pennsylvania 19145 (the "Property").
6. The parties entered into a Loan Modification ("Agreement") on April 16, 2024, creating a new principal balance of $120,634.59. A true and correct copy of the Agreement is attached hereto as Exhibit "C".
7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST and same recorded with the Philadelphia County Recorder of Deeds on June 26, 2026 as Document Id: 54568106. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".
8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the

promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s)' First Amended Chapter 13 Plan (Docket No. 27), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Debtor(s)' First Amended Chapter 13 Plan is attached hereto as Exhibit "E."

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,550.10 which came due on July 1, 2026 to September 1, 2026.

11. Thus, Debtor(s)' post-petition arrears total $4,576.68, after application of the suspense balance of ($73.62) through September 30, 2026. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above. In addition, Debtor shall be responsible for related legal fees and costs in prosecution of this action.

12. As of September 8, 2026, the unpaid principal balance due under the loan documents is $118,965.68. Movant's total claim amount, itemized below, is $156,827.63. *see* Exhibit "F".

| | |
|---|---|
| Principal Balance | $118,965.68 |
| Interest (through 09/08/26) | $13,943.74 |
| PRO RATA MIP/PMI | $15.67 |
| Escrow Advance | $11,309.84 |
| Total Fees | $230.75 |
| ACCUM LATE CHARGES | $254.22 |
| ACCUM NSF CHARGES | $30.00 |
| Recoverable Balance | $12,389.37 |
| Suspense Balance | ($311.64) |
| Total to Payoff | $156,827.63 |

13. Debtor(s)' docketed schedules list the value of the Property as $183,920.00. A true and

accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.
15. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.
16. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.
17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.
18. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER

TRUSTEE FOR RCF III ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 9/24/2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br>**Maria D Isaacs,**<br><br>**Debtor.** | **CHAPTER: 13**<br><br>**CASE NO. 26-11362-djb** |

**DECLARATION OF INDEBTEDNESS**

Property Address:
2437 S Bancroft Street, Philadelphia, Pennsylvania 19145

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept., 3501 Olympus Boulevard, Suite 500, Dallas, Texas 75019

Mortgagor(s)/Debtor(s):
Maria D Isaacs

Payments are contractually due:

☒ Monthly ☐ Semi-monthly ☐ Bi-weekly ☐ Other ____

Each Monthly Payment is comprised of:

| | | |
|---|---|---|
| Principal and Interest..... | $847.38 | |
| R.E. Taxes...................... | $702.72 | |
| Insurance........................ | $0.00 | |
| Late Charge.................... | $0.00 | |
| Other.............................. | $0.00 | (Specify: N/A) |
| **TOTAL**......................... | $1,550.10 | |

**POST-PETITION PAYMENTS** (Petition was filed on April 1, 2026)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| - | - | $1,550.10 | 7/1/2026 | $73.62 | - |
| - | - | $1,550.10 | 8/1/2026 | - | - |
| - | - | $1,550.10 | 9/1/2026 | - | - |
| | | Total: $4,650.30 | | $73.62 | |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 3 as of September 8, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: $4,576.68 , after application of the suspense balance of ($73.62) as of September 8, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated: 9/21/26

Selene Finance LP
Mortgage Company

Christine Le Bankruptcy Specialist
(Print Name and Title)

Jacksonville, FL
Location Signature

26-11362-djb
26-425109
MFR