**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Maria D Isaacs,**<br>**Debtor.**<br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST,**<br>**Movant,**<br>**v.**<br>**Maria D Isaacs,**<br>**Debtor/Respondent,**<br>**KENNETH E. WEST, Esquire**<br>**Trustee/Respondent.** | **Bankruptcy No. 26-11362-djb**<br><br>**Chapter 13** |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST ("Secured Creditor" or "Movant"), and Maria D Isaacs ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

## I. BACKGROUND:

1. On June 15, 2005, Maria D Isaacs executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $94,000.00.
2. The Mortgage was recorded on June 27, 2005, with the Philadelphia County Recorder of Deeds.
3. The Mortgage was secured as a lien against the real property located in Philadelphia County commonly known as 2437 S Bancroft Street, Philadelphia, Pennsylvania 19145 (the "Property").
4. The Note and Mortgage were last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly post-petition payments of principal, interest and escrow when they became due. As of October 13, 2026, the post-petition arrears owed Movant is $7,675.78 and consists of July 1, 2026, through October 1, 2026, monthly mortgage payments of $1,550.10 each, Attorney fees and costs in the amount of $1,549.00, less a suspense balance of $73.62.
6. Thus, Debtor's post-petition arrears currently total $7,675.78.
7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,550.10, per month shall become due under the Note and Mortgage on the 1st of each successive month, beginning November 1, 2026, until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.
8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

## II. <u>STIPULATION FOR RELIEF FROM STAY</u>

9. Debtor confirms and acknowledges his financial obligations to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST under the Note and Mortgage.
10. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth in Paragraphs 5 and 6 above.
11. Debtor further confirms and acknowledges his obligation and agrees to make regular post-petition

payments of principal, interest and escrow going forward from November 1, 2026, as set forth in Paragraph 7 above.

12. Debtor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation that will include treatment of the post-petitions arrears owed to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST. The Plan shall include language that the post-petition arrears through October 1, 2026 shall be paid over the remaining life of the plan in payments by the Chapter 13 Trustee. If required, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST shall file a supplemental claim or amended proof of claim reflecting the post-petition arrears through October 1, 2026.

Payments should be remitted to:

Selene Finance LP,
Attn: Bk Dept.,
3501 Olympus Boulevard,
Suite 500,
Dallas, Texas 75019

13. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor fail to cure the arrears, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation. If the default is not cured within fifteen (15) days of the Notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III

ACQUISITION TRUST, may file a Certification of Default with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court. If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

15. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III

ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation. However, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.
17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court"). No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy.
18. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his

attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Jordan Katz Date: 11/3/2026

Jordan Katz, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: jkatz@raslg.com
Attorneys for Movant

/s/ Brad J. Sadek *with express permission* Date: 10/23/2026

**BRAD J. SADEK**
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION: Without Prejudice to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins ~~*with express permission*~~ Date: November 3, 2026

**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
215-627-1377